IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABDUL LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-117-GPM |
| ) | |
| S.A. GODINEZ, DAVID REDNOUR, ) | |
| SHERRY BENTON, MARK J. MIFFLIN, ) | |
| and JASON P. VASQUEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Abdul Love, a prisoner at Pontiac Correctional Center, brings this pro se action pursuant to 42 U.S.C. § 1983 for incidents that took place while he was temporarily housed at Menard Correctional Center.

In Count One, Plaintiff claims a violation of due process. He got into a fight with a visitor at Menard and later pled guilty to the disciplinary charges against him. He lost one year of good time. Plaintiff filed a grievance about the loss of good time, but it was denied. He says he was entitled to call witnesses at a hearing, *see Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), and that Menard failed to provide the names of witnesses in its disciplinary report, *see* Ill. Admin. Code tit. 20, § 504.30(d)(5) (West 2012).

In Count Two, Plaintiff says he noticed a video camera outside the shower area recording him

while he was taking a shower. He also saw a camera outside the showers in another area. He argues that videorecording him nude constitutes an unreasonable search in violation of the Fourth Amendment, and that it is tantamount to state-sponsored pornography. He says even though prisoners do not have a reasonable expectation of privacy in their cells, *see Hudson v. Palmer*, 468 U.S. 517, 530 (1984), the U.S. Supreme Court has established that they do retain a limited expectation of privacy in their bodies. He says inmates "are not like animals in a zoo to be filmed and photographed at will," quoting *Houchins v. KQED, Inc.*, 438 U.S. 1, 5 n.2 (1978).[1] Plaintiff believes there is "a very real possibility of [his] genitals being viewed, recorded and forever a part of the internet" (Doc. 18, p. 12).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> **(a) Screening.**— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for Dismissal.**— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the

---

[1] *Houchins* was referring to inmates being filmed and photographed by the public or media. *Id.*

plaintiff pleads factual content that allows the court to draw the reasonable in-ference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of the plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a pro se complaint are to be construed liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the amended complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**Count One—Violation of Due Process**

Plaintiff first claims a violation of due process by the loss of one year of good time. A loss of good-time credit does implicate a liberty interest because it can affect the length of a sentence. However, a prisoner cannot seek damages for the loss of good time, or the restoration of good time, in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 480–81 (1994). The exclusive method for challenging the revocation of good-time credit is habeas corpus, which may only be commenced after the prisoner has exhausted his remedies through the Illinois state courts. *Id.*; *see also* 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. Ct. 2004). The State of Illinois

must first be afforded an opportunity, in a mandamus action pursuant to 735 Ill. Comp. Stat. 5/14-101 *et seq.* to consider the merits of the prisoner's claim. Accordingly, Plaintiff cannot bring this claim under § 1983.

**Count Two—Unreasonable Search**

Plaintiff argues that videorecording him nude constitutes an unreasonable search in violation of the Fourth Amendment. The Supreme Court, however, has established that prisoners do not have a reasonable expectation of privacy in their cells. *Hudson v. Palmer* 468 U.S. at 525–30; *see also Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) ("[P]rivacy is the thing most surely extinguished by a judgment committing someone to prison"). Therefore, the Fourth Amendment does not apply. The Court explained: "A right of privacy … is fundamentally incompatible with the *close and continual surveillance of inmates* and their cells required to ensure institutional security and internal order." *Id.* at 527–28 (emphasis added).

And so the Seventh Circuit has held that female guards can monitor male inmates who are in the shower or on the toilet, *Johnson*, 69 F.3d at 146, and prison officials do not need any particularized suspicion of wrongdoing before conducting a strip search, *Peckham v. Wisc. Dep't of Corrections*, 141 F.3d 694, 695 (7th Cir. 1998). "[M]onitoring of naked prisoners is not only permissible … but also sometimes mandatory. Inter-prisoner violence is endemic, so constant vigilance without regard to the state of the prisoners' dress is essential. Vigilance over showers, vigilance over cells—vigilance everywhere, which means that guards gaze upon naked inmates." *Johnson*, 69 F.3d at 146.

If guards can monitor naked inmates at any time, they can also put cameras in the shower areas to monitor the inmates or record them for review at a later time. At least one other district court in our circuit has held repeatedly that prisons may use cameras to view and record inmates in the shower area. *See Viramontes-Ramirez v. Widup*, No. 2:07-CV-0333 PS, 2007 WL 4438625, at *2 (N.D. Ind. Dec. 13, 2007); *Burge v. Murtaugh*, No. 2:07-CV-0336 PS, 2007 WL 4335461 (N.D. Ind. Dec. 7, 2007); *Rojas v. U.S. Marshal Serv.*, No. 2:07-CV-0325 PS, 2007 WL 4287573, at *2 (N.D. Ind. Dec. 5, 2007). Accordingly, the Court finds that Plaintiff's allegations fail to state a claim upon which relief can be granted.

**Pending Motions**

In light of the Court's ruling, Plaintiff's pending motion for a preliminary injunction, motion for copies, and third motion to appoint counsel are **DENIED** as moot (Docs. 9, 19, 23). The Court adds, however, that the motion for a preliminary injunction makes a new and different legal claim against different defendants. Specifically, Plaintiff believes employees at Pontiac Correctional Center are stealing his mail and denying him access to the courts. Plaintiff must file a new lawsuit to pursue that claim. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits); Fed. R. Civ. P. 21.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS ONE** and **TWO** fail to state a claim upon which relief can be granted. Count One is **DISMISSED without prejudice** to Plaintiff bringing that claim in a properly filed habeas corpus action after he has exhausted his state-court remedies.

Count Two is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order.

Plaintiff is advised that the dismissal of this action counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (Dismissal without prejudice may count as a strike if the action is frivolous, malicious, or fails to state a claim.). Furthermore, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: August 31, 2012

                                                      s/ G. PATRICK MURPHY
                                                     G. PATRICK MURPHY
                                                     United States District Judge